## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**

      **Plaintiff,**

v.                                                         Case No. 92-20052-01-JWL
                                                                92-20087-01-JWL

**EDDIE P. ROBERTS,**

      **Defendant.**

### MEMORANDUM AND ORDER

This matter comes before the court on the Defendant Eddie P. Roberts' motion to be sentenced *in absentia* regarding his supervised release violation and give him time served, or in the alternative, provide relief from the detainer lodged against him by the District of Kansas. The court denies Mr. Roberts' request to be sentenced *in absentia*.

**I.  Facts**

After pleading guilty to a charge of bank robbery in this court in December of 1992, Mr. Roberts was sentenced to 78 months imprisonment and 3 years of supervised release in February of 1993. Mr. Roberts' supervised release began on June 4, 1998. Mr. Roberts was arrested on May 4, 1999 for his involvement in a bank robbery in Kansas City, Missouri. Mr. Roberts is currently incarcerated at the United States penitentiary in Terre Haute, Indiana. Mr. Roberts wrote a letter to the clerk of this court, dated June 25, 2006, asking the court to

allow him to be sentenced *in absentia* for this violation of his supervised release.

**II.    Analysis**

Rule 43 requires that "the defendant must be present at . . . sentencing." Fed. R. Crim. Proc. 43(a)(3). There are exceptions to this requirement. One exception exists for misdemeanor offenses if the defendant consents in writing. Fed. R. Crim. Proc. 43(b)(2). Another exists for noncapital cases, when a defendant is voluntarily absent, if the defendant was initially present at trial or had pled guilty. Fed. R. Crim. Proc. 43(c)(1)(B). What "voluntarily absent" means under Rule 43(c)(1)(B) has not been addressed by the Tenth Circuit. However, a recent New Mexico District court case provides guidance on this issue. *See U.S. v. Jones*, 410 F. Supp. 2d 1026 (D. N.M. 2005). In *Jones*, the court refused to allow the defendant to be sentenced via video conferencing. *Id*. at 1031. The court also analyzed whether the defendant could waive his presence entirely. *Id*. In evaluating Rule 43, the court noted that the exception for a misdemeanor offense specifically states "with the defendant's written consent" but that this language is absent from the exception in Rule 43(c)(1)(B). *Id*. The court concluded that if the Rule 43 drafters intended to allow defendants to waive presence by written consent under Rule 43(c)(1)(B), they would have included the same language found in Rule 43(b)(2). *Id*. Therefore, the court found it "doubtful that a defendant can waive presence at sentencing under Rule 43(c)(1)(B) solely by written consent." *Id*.

The court in *Jones* also evaluated the meaning of "voluntarily absent" as used in the rule. *Id*. at 1032. The advisory notes show that Rule 43(c)(1)(B) was added in a 1995


amendment to "make clear that a defendant . . . who has entered a plea of guilty . . . but who voluntarily flees before sentencing may nonetheless be sentenced *in absentia*." *Id.* (citing *United States v. Jordan*, 216 F. 3d 1248, 1249 (11th Cir. 2000). The notes explain that "voluntarily absent" refers to a defendant who was initially present at trial or pled guilty, who then flees before sentencing; the justification for the exception is to prevent delay and hindrance of the sentencing hearing. Fed. R. Crim. Proc. 43 advisory committee's notes (1995 amendments). Based on the advisory committee notes and the construction of the rule itself, the court in *Jones* concluded that a "signed written waiver, consenting to voluntary absence from sentencing, is insufficient to allow the Defendant to be absent from sentencing." *Jones*, 410 F. Supp. 2d at 1032.

The court went on to evaluate whether there may be a "good cause" ground for waiver. *Id.* The court noted that a few courts found a good cause or extraordinary circumstances exception to the sentencing presence requirement. *Id.* (Citing *United States v. Boykin*, 222 F. Supp. 398, 399 (D. Md. 1963) and *United States v. Wright*, 342 F. Supp. 2d 1068, 1070 (M.D. Ala. 2004). However, because neither the Tenth Circuit nor the Supreme Court had recognized such an exception, the court declined to create one in that case. *Id.*

This court finds the *Jones* opinion persuasive in its interpretation of Rule 43. The court agrees that neither the rule itself nor case law creates an exception to the sentencing presence requirement in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's motion to be sentenced *in absentia* (Doc. # 39) is denied.

**IT IS SO ORDERED.**

Dated this 20th day of September, 2006.

                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge