# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**

      **Plaintiff,**

v.                                                         **Case No. 92-20052-01-JWL**
                                                               **92-20087-01-JWL**

**EDDIE P. ROBERTS,**

      **Defendant.**

## MEMORANDUM AND ORDER

After pleading guilty to a charge of bank robbery in this court in December of 1992, Mr. Roberts was sentenced to 78 months imprisonment and 3 years of supervised release in February of 1993. Mr. Roberts' supervised release began on June 4, 1998. In early May of 1999, the United States Probation Office was contacted regarding Mr. Roberts' arrest in connection with a bank robbery in Kansas City, Missouri. On May 6, 1999, a warrant was issued for Mr. Roberts' alleged violations of supervised release due to his involvement in the bank robbery. Mr. Roberts is currently incarcerated at the United States penitentiary in Terre Haute, Indiana.

Mr. Roberts wrote a letter to the clerk of this court, dated June 25, 2006, asking the

court to allow him to be sentenced *in absentia* for this violation of his supervised release. On September 20, 2006, the court denied Mr. Roberts' motion to be sentenced *in absentia* (doc. 45). Subsequently, Mr. Roberts filed the motion currently before the court (doc. 46) seeking to waive his appearance at all hearings associated with his alleged violation of supervised release or, alternatively, to waive his appearance at such hearings if the court decides not to sentence him to prison for the supervised release violation.

As the court stated in its previous order, Rule 43 requires that "the defendant must be present at . . . sentencing." Fed. R. Crim. Proc. 43(a)(3). After concluding that none of the exceptions to this requirement applied in Mr. Roberts' case, the court denied Mr. Roberts' motion to be sentenced *in absentia*. In the motion currently before the court, Mr. Roberts requests that the court grant his request to waive the initial appearance, preliminary hearing, and revocation hearing associated with his supervised release violation in accordance with Rule 32.1, or, alternatively, to waive his appearance if the court decides not to sentence him to prison time for the alleged violations.

Rule 32.1(b)(1)(A) and (b)(2) provides a defendant the opportunity to waive the preliminary hearing and revocation hearing, respectively, associated with charges of revocation of supervised release. Mr. Roberts has attempted to waive his right to these hearings, stating that he pleads guilty to the charges in the violation petition and accepts responsibility for those charges. Even if the court concludes that Mr. Roberts is entitled to waive his right to a preliminary hearing and a revocation hearing, however, he must still be

present at the sentencing regarding his supervised release violations, as indicated in the court's previous order . Furthermore, the court has not determined at this time to what prison term, if any, Mr. Roberts will be sentenced. Accordingly, Mr. Roberts' motion to waive his appearance is denied. He is hereby ordered to comply with any orders of this court instructing him to appear in connection with his supervised release violations.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to waive appearance (Doc. # 46) is denied.

**IT IS SO ORDERED.**

Dated this 7th day of March, 2007.

>                s/ John W. Lungstrum
>                John W. Lungstrum
>                United States District Judge